Good morning, Your Honor. I'm George Benetatos. I don't have anything to add to my brief. I'm here to answer any questions the Court might have, and, of course, I'd like the opportunity to respond to anything that opposing counsel might have to say. I don't believe any of us has any questions as you start, and that's probably the most anyone's ever reserved for rebuttal, and you're welcome to use it in that manner. Mr. Hager. Good morning. May it please the Court. Daniel Hager for the Hellenic Republic. This matter has been very thoroughly briefed both in the district court and here as well, and I don't want to repeat anything that we've already said. I do just want to note for the Court that Mr. Andriades, the counsel general for Greece, is also present today to watch the proceedings. I really just think that the real important issue here is that the issue that's before the Court is a lot more important than just this fee dispute between these parties. It really goes to the heart of judicial integrity here, and in particular to the bankruptcy court. And my understanding, I'm not a bankruptcy practitioner primarily, but in talking with them, I understand that it's a very serious problem and a very recurring problem of debtors who do not fully disclose assets in their bankruptcy, and it comes up all the time. And it's that issue that makes this case important, and it's that reason that we have the Doctrine of Judicial Estoppel. The only question I have is that if there were some assets involved here, it would be a windfall for your client. That is, if in fact there he did happen to represent, and I know bankruptcy law is a strange animal, and it does what it needs to do under the circumstance. But as I understand, your position is going to be in the other litigation that there is nothing owing to the attorney that there was no representation. Is that correct? Yes, that's true. I mean, the liability for this is very hotly contested. Okay. It's a very unusual situation, never any kind of engagement, agreement. It's litigation spanned over a decade, I think. And it started clearly as a pro bono work done by Greek-Americans, kind of a patriotic contribution to assist the Hellenic Republic in a legal dispute that suddenly got transformed after the fact when the Hellenic Republic thinks it's got pro bono assistance into something else. And so I don't want to get into the merits of that too much. But I just don't know. But I guess the only reason is sometimes we see these cases and you try to envision how did it get to here, you know, in terms of court of appeals with nondisclosure before, and how does it fit either into your suit or, as you say, into other bankruptcy suits. So it's well, we don't want to get into the merits. It does help a little to kind of get a context to the case. Yeah. I mean, this isn't like some undisputed debt that we'd, whoa, we just found out there was nondisclosure. We got lucky. This is, the merits are hotly disputed. But this issue came up, and it's an important issue, and the law is, I think, pretty clear on it. So I just want to stress the importance of that. I'm sure the Court understands that very well. If there are any other questions, I'd be happy to answer them. I don't believe so. And, Mr. Benitatis, you have lots of rebuttal time. This was never a pro bono case by me. We want our day in court, and it would be a huge windfall. It's not really the important issue before this Court, but I didn't want to leave that statement unanswered. I'm submitting the matter on what's in my brief. I appreciate the Court's attention. Thank you, counsel. The case just argued is submitted. Thank you.
judges: Wallace, Graber, McKeown